**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

FLORITA PINEDA on her own behalf and
on behalf of all others similarly situated,

    Plaintiff,

v.

EL JACAL CORP d/b/a EL JACAL MEXICAN GRILL,
EL JACAL 2, LLC,
ANA MARTINEZ, and
JUAN MARTINEZ,

    Defendants.

_____

**CLASS AND COLLECTIVE ACTION COMPLAINT FOR UNPAID WAGES**
_____

Plaintiff, by and through undersigned counsel, files this Class and Collective Action Complaint for Unpaid Wages against the above-listed Defendants.

## STATEMENT OF THE CASE

1. Plaintiff and those similarly situated are currently, or were formerly, employed as hourly employees by Defendants to work long hours for low wages in Defendants' restaurants in Fort Morgan and Brush, Colorado.

2. Defendants refused to pay their hourly employees overtime premiums for overtime hours worked.

3. Defendants thus violated the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 *et seq.,* because that Act requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek.

4. Defendants also violated the Colorado Minimum Wage Act, C.R.S. § 8-6-101 *et seq.*, as implemented by the Colorado Minimum Wage Order (the "MWO"), 7 C.C.R. 1103-1(4), because that Order requires employers to pay their employees one-and-one-half times each employee's regular rate of pay for each hour worked beyond forty each workweek, one-and-one-half times each employee's regular rate for each hour worked beyond twelve each workday.

5. Plaintiff seeks compensation for Defendants' wage law violations on her own behalf and on behalf of all other similarly-situated hourly employees of Defendants.

### PARTIES, JURISDICTION, AND VENUE

6. Plaintiff Florita Pineda was employed by Defendants from approximately 2015 through approximately March 15, 2019. Plaintiff Pineda's signed FLSA Consent to Sue Form is attached to this Complaint as Exhibit 1.

7. Defendant El Jacal Corp d/b/a El Jacal Mexican Grill is a registered Colorado corporation with a principal street address of 105 8th Avenue, Fort Morgan, Colorado 80701.

8. Defendant El Jacal 2, LLC is a registered Colorado limited liability company with a principal street address of 301 Edison Street, Brush, Colorado 80723.

9. Defendant Ana Martinez is an owner and manager of the El Jacal enterprise.

10. Defendant Juan Martinez is an owner and manager of the El Jacal enterprise.

11. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, this case arising under the laws of the United States. This action arises under the FLSA, 29 U.S.C. §§ 201 *et seq.*

12. Plaintiff requests that this Court exercise supplemental jurisdiction over her claims arising under the MWO. 28 U.S.C. § 1367.

13. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because all the events and omissions giving rise to the claims occurred in the District of Colorado.

**FACTUAL ALLEGATIONS**

14. Plaintiff and those similarly situated worked as hourly employees in Defendants' El Jacal Mexican restaurants in Fort Morgan and Brush, Colorado.

15. Though Plaintiff and those similarly situated regularly worked more than 40 hours each workweek, and more than twelve hours per day, Defendants refused to pay their employees overtime wages for overtime hours worked.

16. For example, Plaintiff during the pay period running from October 28, 2017 through November 10, 2017, Plaintiff worked 153 hours, and during the pay period running from December 23, 2017 through January 5, 2018, Plaintiff worked 109.64 hours. Rather than pay her overtime wages, Defendants hid her overtime hours by issuing her two-week paychecks showing 80 hours of work, and paying her off-the-paycheck, in cash, and at her regular rate of pay for her overtime hours worked.

17. Plaintiff also worked shifts in excess of 12 hours per day, and was not compensated at an overtime rate for those hours beyond 12 each day.

18. Defendants in fact tasked Plaintiff with recording her and other employees' hours up to 80 per pay period in one record book, and those hours over 80 in another record book. Plaintiff was instructed to take photos of the separate records and to send the photos to Defendant Ana Martinez so that the records of hours up to 80 could be used for paycheck processing, and the hours over 80 could be used for cash payments.

19. Defendants thus subjected all their hourly employees to the same policy and practice of failing to report overtime hours on their paychecks, and paying their employees off-the-paycheck, in cash, and at their regular rate of pay for overtime hours worked.

20. Each year relevant to this action, Plaintiff and other employees handled foodstuffs, cleaning materials, restaurant equipment, plates, silverware and other materials which moved in interstate commerce.

21. Defendants enjoyed more than $500,000.00 in gross receipts each year relevant to this action.

22. Defendant Ana Martinez, at all material times, exercised operational control and/or financial control over the El Jacal enterprise and exercised control over El Jacal's employees' terms and conditions of employment. For example, Defendant Ana Martinez made all important financial decisions regarding the enterprise, controlled her employees' rates of pay, and made the decision to pay her employees in cash at their regular rate of pay for overtime hours worked.

23. Defendant Juan Martinez, at all material times, exercised operational control and/or financial control over the El Jacal enterprise and exercised control over El Jacal's employees' terms and conditions of employment. For example, Defendant Juan Martinez made all important financial decisions regarding the enterprise, controlled his employees' rates of pay, and made the decision to pay his employees in cash at their regular rate of pay for overtime hours worked.

## § 216(b) COLLECTIVE ACTION ALLEGATIONS AS TO THE FIRST CLAIM

24. Plaintiff brings her FLSA claim as a collective action, pursuant to 29 U.S.C. § 216(b), on behalf of herself and on behalf of all similarly situated hourly employees currently and formerly employed by Defendants. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines the collective action as encompassing:

> All hourly employees who worked on or after April 16, 2016.

25. The relevant time period dates back three years from the date on which this Complaint was filed and continues forward through the date of judgment because the FLSA provides a three-year statute of limitations for claims of willful violations brought under the Act. 29 U.S.C. § 255(a).

26. All potential collective action Members are similarly situated because they worked for Defendants as hourly employees and were subject to Defendants' common policy of avoiding overtime wage payments.

## RULE 23 CLASS ALLEGATIONS AS TO THE SECOND CLAIM

27. Plaintiff asserts her Second Claim, brought under the MWO, as a Fed. R. Civ. P. 23 class action, on her own behalf and on behalf of a class for which Plaintiff seeks certification.

28. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this "Rule 23 Class" as follows:

> All hourly employees who worked on or after April 16, 2017.

29. This action is properly brought as a class action for the following reasons.

30. Defendants failed to pay all their hourly employees overtime wages for overtime hours worked.

31. The class is so numerous that joinder of all the potential class members is impracticable. Plaintiff does not know the exact size of the Class because that information is within the control of Defendants. However, Plaintiff believes and alleges that the number of Class Members is in the 50-75 persons range. Membership in the class is readily ascertainable from Defendants' employment records.

32. Numerous questions of law and fact regarding the liability of Defendants are common to the Class and predominate over any individual issues that may exist. Common questions of law and of fact include: Whether Defendants failed to pay all their employees overtime wages for overtime hours worked.

33. The claims asserted by Plaintiff are typical of the claims of all of the Class Members. This is an uncomplicated case of an employer failing to pay overtime wages. The claims at issue arise from policies applicable to all members of the class. Each Member of the Class suffered the same violations that Plaintiff challenges with her claims. If Defendants' policies of failing to pay overtime and failing to provide rest periods were unlawful as applied to the representative Plaintiff, they were unlawful as applied to the absent members of the putative class.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because numerous identical lawsuits alleging identical causes of action would not serve the interests of judicial economy.

35. The representative Plaintiff will fairly and adequately protect the interests of the Members of the Class. Because all Class Members were subject to the same violations of law perpetrated by Defendants, the interests of absent Class Members are

coincident with, and not antagonistic to, those of Plaintiff. The representative Plaintiff will litigate the Class's claims fully.

36. The representative Plaintiff is represented by counsel experienced in wage and hour class action litigation.

37. The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for Defendants.

38. Those Class Members who worked for Defendants for short periods of time have small claims that they are unlikely to bring individually. All members of the Class have claims that are factually and legally identical to Plaintiff's. Thus, the interest of Members of the Class in individually controlling the prosecution or defense of separate actions is slight, while the broad remedial purposes of the MWO counsel toward vindicating the rights of those employees with small claims as part of the larger Class.

39. Plaintiff is unaware of any members of the putative class who are interested in presenting their claims in a separate action.

40. Plaintiff is aware of no pending litigation commenced by members of the Class concerning the instant controversy.

41. It is desirable to concentrate this litigation in this forum because all claims arose in Colorado.

42. This class action will not be difficult to manage due to the uniformity of claims among the Class Members and the susceptibility of wage and hour cases to both class litigation and the use of representative testimony and representative documentary evidence.

43. The contours of the class will be easily defined by reference to the payroll documents that Defendants were legally required to create and maintain. 7 CCR 1103-1 at 12; 29 C.F.R. § 516.2. Notice will be easily distributed because all members of the putative class are or were employed by Defendants and Defendants were required to create and maintain records containing the mailing addresses of each class member.

**FIRST CLAIM – Failure to Pay Overtime Premiums
Violation of the FLSA (29 U.S.C. § 201 *et seq.*)**

44. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

45. Plaintiff asserts this count on her own behalf and on behalf of all others similarly situated. 29 U.S.C. § 216(b).

46. Plaintiff and others were "employees" as that term is defined by the FLSA. 29 U.S.C. § 203(e).

47. Defendants "employed" the Plaintiff and others as that term is defined by the FLSA. 29 U.S.C. § 203(g).

48. Defendants were Plaintiff's and others' "employers" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

49. Defendants violated the FLSA when they refused to pay Plaintiff and others overtime premiums for hours worked beyond forty in each given workweek. 29 U.S.C. § 207.

50. Defendants' violations of the FLSA were willful. 29 U.S.C. § 255(a).

51. Plaintiff and others have suffered lost wages and lost use of those wages in an amount to be determined at trial.

52. Plaintiff and others are entitled to recover unpaid overtime premiums

8

liquidated damages, attorney fees and costs.  29 U.S.C. § 216(b).

## SECOND CLAIM – Failure to Pay Overtime Premiums
### Violation of the MWO, 7 CCR 1103-1

53. Plaintiff repeats and realleges each of the allegations above as if fully set forth herein.

54. Defendants El Jacal Corp d/b/a El Jacal Mexican Grill and El Jacal 2, LLC were Plaintiff's and those similarly situated's "employers" as that term is defined by the MWO because they employed Plaintiff and others in Colorado. 7 CCR 1103-1(2).

55. Plaintiff and others were these Defendants' "employees" as that term is defined by the MWO because they performed labor for the benefit of these Defendants in which these Defendants commanded when, where, and how much labor they would perform. 7 CCR 1103-1(2).

56. These Defendants engage in a Food and Beverage enterprise that prepares and offers for sale, food and beverages for consumption either on or off the premises and is thus covered by the MWO. 7 CCR 1103-1(2)(A).

57. These Defendants violated the MWO when they refused to pay Plaintiff and others overtime wages for all hours worked beyond forty each workweek and for all hours worked beyond twelve each workday. 7 CCR 1103-1(4).

58. Plaintiff and others suffered lost wages and lost use of those wages in an amount to be determined at trial.

59. Plaintiff and others are entitled to recover unpaid wages, attorney fees and costs of the suit.  C.R.S. § 8-6-118; 7 CCR 1103-1(18).

**WHEREFORE**, Plaintiff prays, as to her FIRST CLAIM, that:

- a. This case be certified to proceed as a collective action under 29 U.S.C. § 216(b) and that appropriate notice of this suit and the opportunity to opt into it be provided to all potential class members;

- b. She and the 216(b) Class be awarded unpaid overtime premiums;

- c. She and the 216(b) Class be awarded liquidated damages as required by law;

- d. She and the 216(b) Class be awarded pre-judgment and post-judgment interest as permitted by law;

- e. She and the 216(b) Class be awarded costs and attorney fees as per 29 U.S.C. § 216(b); and

- f. She and the 216(b) Class be awarded such other and further relief as may be necessary and appropriate.

And, as to her SECOND CLAIM, that:

- a. This action be certified as a class action pursuant to Fed. R. Civ.P. 23;

- b. Plaintiff be certified as the class representative of the Rule 23 Class;

- c. Undersigned counsel be appointed Rule 23 class counsel;

- d. Prompt notice of this litigation be sent to all potential Rule 23 class members;

- e. Plaintiff and the Rule 23 Class be awarded the wages they are due, together with attorney fees and costs of suit. Colo. Rev. Stat. § 8-6-118; 7 CCR 1103-1(18);

- f. Plaintiff be awarded a service award in recognition of his work as representative of the Rule 23 Class;

- g. Plaintiff and the Rule 23 Class be awarded such other and further relief as may be necessary and appropriate.

Respectfully submitted,

*s/ Brandt Milstein*
**Brandt Milstein**
Milstein Law Office
1123 Spruce Street, Suite 200
Boulder, CO 80302
303.440.8780
brandt@milsteinlawoffice.com


*Attorney for Plaintiff*