# EXHIBIT A

Case No. 1:19-cv-01110-JLK Document 33-1 filed 05/25/20 USDC Colorado pg 1 of 14

## AMENDED SETTLEMENT AND RELEASE AGREEMENT

This Amended Settlement and Release Agreement (the "Amended Agreement") is made by and between Florita Pineda ("Plaintiff") and El Jacal Corp. d/b/a El Jacal Mexican Grill, El Jacal 2, LLC, Ana Martinez and Juan Martinez (collectively, "Defendants") (Plaintiff and Defendants collectively referred to as "the Parties"):

This Amended Agreement is entered into effective as of May 25, 2020 by and between Plaintiff and Defendants.

### RECITALS

A.  A dispute arose between Plaintiff and Defendants regarding alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 *et seq.*, and the Colorado Minimum Wage Act ("CMWA"), Colo. Rev. Stat. § 8-6-101 *et seq*.  On April 16, 2019, Plaintiff filed a collective and class action lawsuit against Defendants entitled *Florita Pineda v. El Jacal Corp. et al.*, Case No.: 19-cv-01110-JLK in the United States District Court for the District of Colorado ("the Action").

B.  In the Action, Plaintiff alleged that Defendants violated the FLSA and the Colorado Minimum Wage Order ("MWO") by failing to pay their employees overtime premiums for overtime hours worked. In the Action, Plaintiff alleged collective action FLSA claims and class action MWO claims for relief on behalf of Defendants' present and former employees.

C.  In the Action, Defendants deny that they failed to pay their employees overtime premiums.  Defendants deny they have any liability for the alleged collective action FLSA claims and the Class action MWO claims for relief asserted by Plaintiff in the Action.

D.  On October 19, 2019, the Court adopted the Parties' stipulation to dissemination of notice to potential opt-in Plaintiffs pursuant to the FLSA and certified an MWO Rule 23 class action.

E.  Plaintiff, on her own behalf and on behalf of the class she represents, and Defendants, now desire to fully and finally settle and completely resolve all claims brought in the Action.

F.  Plaintiff and her counsel have fully analyzed and evaluated the putative plaintiff class's respective claims and contentions, Defendants' defenses, and this Settlement as it affects the named Plaintiff, the opt-in Plaintiffs and the members of the class. To determine the value of Plaintiff's, the opt-in Plaintiffs' and each class member's claims, Plaintiff and her counsel reviewed voluminous time-worked and wage payment records of Plaintiff's, the opt-in Plaintiffs' and class members' hours worked and wages paid. Defendants have agreed to pay full value for the Plaintiff's, the opt-in Plaintiffs' and each class member's claims. Plaintiff and her counsel are satisfied that the terms of this Agreement are a fair, reasonable, adequate, equitable, and complete settlement and resolution of all claims that were pleaded in the Action and that a settlement of the Action on the terms set forth below is in the best interest of the Class.

G.  Defendants consider it desirable to resolve the Action on the terms stated herein in order to avoid further expense, inconvenience, and interference with their ongoing business operations and to dispose of burdensome litigation, and thus have determined that settlement of the Action on the terms set forth herein is in their best interest.

H.  This Agreement is subject to and its effectiveness conditioned upon final approval by the Court.

**NOW, THEREFORE**, in consideration of and in reliance upon the definitions, recitals, promises, covenants, understandings, and obligations set forth in this Agreement, Plaintiff and Defendants hereby agree as follows:

**1.**     ***Definitions***.  The following terms shall have the following meanings:

"Plaintiff" means Florita Pineda.

"The Settlement Administrator" means Optime Administration, LLC.

"Plaintiff's Counsel" means Brandt Milstein, Milstein Law Office, 2400 Broadway, Unit B, Boulder, CO 80304.

"Defendants" means El Jacal Corp. d/b/a El Jacal Mexican Grill, El Jacal 2, LLC, Ana Martinez and Juan Martinez.

"FLSA Opt-In Plaintiffs" means those employees who returned consent to join forms to the Settlement Administrator or who filed consent to join forms with the Court.

"Rule 23 Class" and "Rule 23 Class Members" means all hourly employees who worked at El Jacal on or after April 16, 2017, other than those individuals who opted-in to the Action pursuant to 29 U.S.C. § 216 and other than those individuals who opt-out of the Action.

"Parties" refers jointly to Plaintiff and Defendants.

**2.**     ***Settlement Payment***.  In full settlement of the claims of the Rule 23 Class and of those individuals who have opted-in to the FLSA Collective Action, Defendants shall make payments totaling up to $123,757.36 (the "Settlement Payment") pursuant to the terms described below.

      a.     The Settlement Payment is a common fund from which will be made all settlement payments to (a) the members of the FLSA Collective Action; (b) the

3

Rule 23 Class Members who do not opt out of the settlement; (c) all attorneys' fees and litigation costs; and (d) the service award.

    b. <u>Reduction of Settlement Payment</u>:  The amount of the total Settlement Payment shall be reduced by an amount equal to the amount due each Rule 23 Class Member that timely opts-out of the Action (the "Reduction Amount").  Any reduction of the Settlement Payment made pursuant to this subsection will not operate to reduce the amount of attorney fees (to be calculated at 33% of $123,757.36), nor will any reduction of the Settlement Payment made pursuant to this subsection operate to reduce the agreed-to service award.

    c. Defendants have deposited $49,502.94 with the Settlement Administrator towards the total Settlement Payment. ("Deposited Funds"). Beginning three months after the Governor of Colorado lifts the dine-in restrictions for restaurants, Defendants will make three monthly payments of $12,580.78 to cover the remaining balance of the Settlement Payment.

    d. In addition to the Settlement Payment, Defendants shall pay all settlement administration costs, including any and all costs related to Class notice, notice of settlement, calculation of settlement payments, all payments to the Settlement Administrator and any other costs of settlement administration ("Settlement Administration Costs").

      i. Defendants will retain Optime Administration, LLC as the Settlement Administrator to:  (a) provide notice of the settlement to Potential Opt-In Plaintiffs; (b) receive and review the Consent to Join Claim Forms and Releases submitted by Potential Opt-In Plaintiffs; (c) provide notice and the opportunity to opt-out

to Rule 23 Class members; (d) receive opt-out forms from Rule 23 Class Members; (e) set up and administer a qualified settlement fund to disburse all settlement payments; (f) calculate and make all payroll tax and other withholdings, including the employer's share of such taxes and withholdings; (f) distribute settlement checks; (g) address any questions from Potential Opt-In Plaintiffs and Rule 23 Class Members; (h) prepare and mail all necessary IRS forms; and (i) perform any other duties that are necessary to effectuate the Agreement.

    e. Apart from and in addition to the Settlement Payment and Settlement Administration Costs, Defendants shall pay the employer's share of FICA and FUTA taxes, and other applicable employer tax contributions and/or payments to taxing entities associated with wage payments to Class Members.

  **3.** ***Procedure for Disbursement of Settlement Payment.***  The procedure for disbursing the Settlement Payment shall be:

    a. Upon entry of the Court's order granting final approval to this settlement, the Settlement Administrator shall draw on the Deposited Funds and mail settlement checks to Rule 23 Class Members who did not opt-out of the Action and FLSA Opt-In Plaintiffs (in pro-rata share of the Deposited Funds amounts in accordance with the list immediately below), a pro-rata share of the Deposited Funds check for attorney fees and costs to Plaintiff's Counsel, and a pro-rata share of the Deposited Funds check to the Incentive Award recipient Florita Pineda.

5

| | |
|---|---:|
| Benitez, Juan | $ 6,429.11 |
| Yanez, Bryan | $ 38.96 |
| Cabrales, Rocio | $ 338.95 |
| Chum, Samuel | $ 1,333.26 |
| Flores, Dionicio | $ 1,682.16 |
| Galcia, Petrona | $ 11,558.49 |
| Gallegos, Josefina | $ 102.40 |
| Garcia, Monica | $ 847.93 |
| Garcia, Wendy | $ 268.00 |
| Garcia, Yullyana | $ 2,993.00 |
| Gutierrez, Ramona | $ 12,980.84 |
| Ibarra, Rafael | $ 147.24 |
| Jurado, Genesis | $ 380.01 |
| Martinez, Anibal | $ 348.08 |
| Miranda, Paulina | $ 215.67 |
| Muñiz, Melissa | $ 67.94 |
| Rivas, Kathy | $ 129.44 |
| Ruiz, Liliana | $ 178.71 |
| Villalobos, Oralia | $ 3,117.25 |
| Gallegos, Josefina | $ 66.32 |
| Melendez, Graciela | $ 595.29 |
| Molina, Elena | $ 96.54 |
| Pineda, Mireya | $ 2,817.79 |
| Almendaris, Flor | $ 158.37 |
| Andrade, Geraldine | $ 51.97 |
| Carrillo, Veronica | $ 182.22 |
| Diego, Maria | $ 63.58 |
| Gonzalez, Justin | $ 204.91 |
| Gutierrez, Montserrat | $ 312.75 |
| Andrea Gonzalez | $ 395.17 |
| Silva, Elva | $ 27.85 |
| Herrera, Marlene | $ 1,235.43 |
| Palma, Jose | $ 7,737.31 |
| Hernandez, Emigdio | $ 11,623.08 |
| Pineda, Florita | $ 14,260.82 |

b.  Upon Defendants' completion of remaining payments to the Settlement Administrator per section 2(c), the Settlement Administrator shall mail

6

remaining pro-rata share settlement checks to Rule 23 Class Members who did not opt-out of the Action and FLSA Opt-In Plaintiffs, a pro-rata share check for attorney fees and costs to Plaintiff's Counsel, and a pro-rata share check to the Incentive Award recipient Florita Pineda.

        c.     Any settlement checks issued by the Settlement Administrator that are not negotiated within 90 days of issuance will constitute "Unclaimed Funds." The Class Administrator will forward Unclaimed Funds to the Rocky Mountain Immigrant Advocacy Network, a 501(c)(3) organization.

    **4.**    *Taxes*.

        a.     Payments to FLSA Opt-In Plaintiffs will be allocated as follows: One-half of each FLSA Plaintiff's award will be attributable to back wages, will be subject to payroll tax withholding and will be reported by Defendants per I.R.S. Form W-2. The remaining one-half of each FLSA Plaintiff's share will be attributable to FLSA liquidated damages, will not be subject to payroll tax withholding and will be reported by Defendants per I.R.S. Form 1099. Rule 23 Class Member payments will be attributable to back wages, will be subject to payroll tax withholding and will be reported by Defendants per I.R.S. Form W-2.

        b.     Defendants shall be responsible for paying the employer's share of Social Security, FUTA, Medicare, SDI, EDD, and state unemployment taxes as applicable for the FLSA Opt-In Plaintiffs and Rule 23 class members in addition to and not from the proceeds of the Settlement Payment.  The FLSA Plaintiffs and Rule 23 class members shall be responsible for paying the employee's share of all applicable

7

taxes and/or other required withholdings on any settlement payments they receive from the Settlement Administrator.

5. ***Release.*** Plaintiff Class Representative Florita Pineda on her own behalf and on behalf of the FLSA Opt-In Plaintiffs and all individuals who do not timely opt out of the Rule 23 Class settlement, and each of their respective agents, attorneys, employees, successors, heirs, spouses, administrators, executors, partners, assigns, and each of their past, present, and future representatives (the "Releasors") hereby release and forever discharge Defendants their past, present, and future agents, representatives, shareholders, principals, attorneys, affiliates, parent corporations, subsidiaries, officers and directors in both their corporate and individual (personal) capacities, predecessors and successors and heirs, executors, and assigns of each of the foregoing (the "Releasees") of and from all claims which were pleaded in the Action ("Released Claims").

6. ***Service Award.*** The parties stipulate to the payment of a service award in this matter in the amount of $9,000.00 to Florita Pineda to compensate her for her efforts to bring this matter to a successful conclusion on behalf of the Classes and to compensate her for the risks inherent in initiating and participating in class litigation against his employers. Plaintiff's service award shall be paid from the Settlement Payment.

7. ***Plaintiff's Attorney Fees and Costs.*** Prior to the Final Fairness and Approval Hearing, Plaintiff's counsel will apply to the Court for an amount not to exceed 33% of the Settlement Payment as an award of attorney fees and costs, to be paid from

8

the Settlement Payment for good cause shown according to applicable law. Plaintiff's counsel will be issued an IRS Form 1099 for fees and costs payments.

**8.** ***General Terms Regarding Construction of Agreement, Etc.***

a. *No Representations.* This Agreement controls over prior communications regarding the matters contained herein between the signatories hereto or their representatives. Except as expressly stated in this Agreement, no party hereto has made any statement or representation to any other party regarding any fact relied upon by any other party in entering into this Agreement, and each party specifically does not rely upon any statement, representation, or promise of any other party in executing this Agreement.

b. *Consent.* All Parties have carefully read this Agreement, and the contents hereof are known and understood by all Parties. Defendants have received a copy of the Agreement in English and are solely responsible for securing a Spanish translation of the Agreement. Defendants acknowledge that they have read and understand all terms of the Agreement. The Parties have each received independent legal advice from attorneys of their choice with respect to the preparation, review, and advisability of executing this Agreement. Prior to the execution of this Agreement by each party, each party's attorney has reviewed the Agreement and each party acknowledges that such party has executed the Agreement after independent investigation and without fraud, duress, or undue influence.

c. *Successors.* Subject to the provisions otherwise contained in this Agreement, this Agreement shall inure to the benefit of and be binding upon the heirs, successors, and assigns of the respective Parties to this Agreement.

    d. *No Assignments*.  Each party represents and warrants that he, she, or it has not heretofore assigned or transferred, or purported to assign or transfer, to any person or entity, his, her, or its rights in the Action or any interest therein, or any other interest in any claims or claims arising out of any of the matters that are the subject of the Recitals herein.

    e. *Negotiated Agreement.*  This Agreement and each of its terms constitutes a negotiated contract and not merely a recital and are the result of negotiation among the Parties.  In interpreting this Agreement, there shall not be a presumption of interpretation against any party.

    f. *Compromise Agreement and No Admissions.*  This Agreement is the result of a compromise among the Parties, and nothing in this Agreement shall constitute an admission of liability by any party with regard to the subject matter of the Action and of this Agreement or with respect to the composition or certification of a class or collective action under the Federal Rules of Civil Procedure, the Fair Labor Standards Act, the Colorado Minimum Wage Act, or any other applicable law.

    g. *Warranty of Authority.*  Each of the signatories hereto warrants and represents that he or she is competent and authorized to enter into this Agreement on behalf of the party for whom he or she purports to sign it.

    h. *Evidentiary Privilege.*  This Agreement shall be deemed to fall within the protection afforded compromises and offers to compromise by Rule 408, Federal Rules of Evidence.

    i. *Applicable Law.*  This Agreement shall be governed by, interpreted under, and construed and enforced in accordance with the domestic laws of the State of

Colorado without regard to conflicts of laws principles. If any Party brings against any other Party any proceeding arising out of this Agreement, that Party must bring that proceeding only in the U.S. District Court for the District of Colorado, and each Party hereby submits to the exclusive jurisdiction of that court for purposes of any such proceeding.  In the event any term or condition of this Agreement must be enforced by any Party to the Agreement, the prevailing party shall be entitled to recover all reasonable costs and attorney fees incurred in the enforcement of this Agreement.

    j. *Further Actions.*  The Parties agree to do such further acts and things and to execute and deliver such additional agreements and instruments as the other may reasonably require to consummate, evidence, or confirm the agreements contained herein in the manner contemplated hereby.  Defendants and Plaintiffs mutually agree to cooperate to ensure the expeditious approval and administration of this settlement.

    k. *Continuing Court Jurisdiction.*  The Court shall have continuing jurisdiction to supervise and enforce the settlement set forth in this Agreement.

    l. *Modifications.*  As approved by the Court, this Agreement may not be modified in whole or in part except by an agreement in writing signed by all Parties and executed in the same manner as this Agreement.

    m. *Execution.*  This document may be executed in counterparts, each of which shall be deemed an original, but all of which taken together shall constitute one and the same instrument.

n. *Entire Agreement.* This Agreement and the exhibits hereto embody the entire agreement and understanding of the Parties hereto with respect to the subject matter contained herein and is a fully integrated contract.

IN WITNESS WHEREOF, the Parties hereby execute this Agreement effective as of the date set forth above.

| | |
|---|---|
| DATED: 05-25-2020 | EL JACAL CORP d/b/a EL JACAL MEXICAN GRILL:<br>By: *[signature]* Ana Martinez<br>Its: _____ |
| DATED: 05-25-2020 | EL JACAL 2, LLC:<br>By: *[signature]* Ana Martinez<br>Its: _____ |
| DATED: 05-25-2020 | ANA MARTINEZ:<br>*[signature]* Ana M. Martinez |
| DATED: 05-25-2020 | JUAN MARTINEZ:<br>*[signature]* Juan Martinez |
| DATED: _____ | FLORITA PINEDA:<br>_____ |

      n.    *Entire Agreement.* This Agreement and the exhibits hereto embody the entire agreement and understanding of the Parties hereto with respect to the subject matter contained herein and is a fully integrated contract.

IN WITNESS WHEREOF, the Parties hereby execute this Agreement effective as of the date set forth above.

| DATED: _____ | EL JACAL CORP d/b/a EL JACAL MEXICAN GRILL:<br><br>By: _____<br><br>Its: _____ |
|---|---|
| DATED: _____ | EL JACAL 2, LLC:<br><br>By: _____<br><br>Its: _____ |
| DATED: _____ | ANA MARTINEZ:<br><br>_____ |
| DATED: _____ | JUAN MARTINEZ:<br><br>_____ |
| DATED: 5/25/2020 _____ | FLORITA PINEDA:<br><br>DocuSigned by:<br>_____Florita P_____<br>E9FC9D89F2724A4... |

12